**NORMAN SHABEL, P.C., et al., Plaintiffs,**

v.

**NATIONAL UNION FIRE INSURANCE CO., Defendant.**

**Civil No. 95–3637 (CSF).**

United States District Court, D. New Jersey.

April 17, 1996.

---

Peter Lapelle Bruso, Pleasantville, NJ, for Plaintiffs.

Dechert, Price & Rhoads By Bruce W. Clark, Princeton, NJ, for Defendant.

## AMENDED OPINION

CLARKSON S. FISHER, District Judge.

This matter comes before the court on the motion and cross-motion for summary judgment filed by plaintiffs, Norman Shabel, P.C., Shabel & Shabel, P.C., and Norman Shabel, individually, and defendant, National Union Fire Insurance Company. The parties petitioned this court to declare whether the terms of a professional liability insurance policy require defendant to defend plaintiff in two state court proceedings. Plaintiff's former clients instituted the state actions to recover a portion of a settlement that plaintiff retained as compensation for legal services.

Plaintiffs and defendant entered into an insurance agreement that indemnified plaintiff for conduct emanating from the provision of legal services. The policy indicated that defendant would compensate plaintiffs for "all sums which the insured shall become legally obligated to pay ... arising out of any act, error or omission of the insured in rendering or failing to render professional services for others in the insured's capacity as a lawyer." The parties restricted the parameters of coverage by incorporating an exclusion-of-coverage provision. That provision indicates that the policy does not extend coverage "to any putative or exemplary dam-ages, fines, sanctions or penalties, or *the return of or reimbursement for legal fees, costs or expenses.*" (emphasis added).

Plaintiff, an attorney-at-law, represented Thomas Farrell and William and Janice Glassman in separate legal proceedings. Plaintiff was able to secure large settlements for both clients. After the settlement order was entered, plaintiff allegedly failed to give the clients the correct percentage of the settlements. Farrell and the Glassmans filed suit in the New Jersey Superior Court alleging that plaintiff had unlawfully retained a portion of the settlement as attorney's fees.

In both complaints, Farrell and the Glassmans advance a panoply of theories to recovery those fees including fraud, forgery and conversion of property. A brief discussion of each count is warranted; however, the court will limit its dialogue to the claims predicated on negligence, because plaintiffs conceded that any claim involving intentional conversion or fraud is not covered by the policy. In addition, the court will limit its discussion to the counts embodied in the Farrell complaint, because both complaints advance the same claims and seek virtually identical relief. The court also notes that the same law firm drafted both documents.

In the complaint, Farrell advances legal theories predicated on breach of contract, breach of fiduciary duty and negligent conversion of funds. Although the complaint contains an assortment of legal theories, Farrell seeks to recover "damages, together with attorney's fees, costs and interest." (Farrell Second Amend Compl. at 3, 4, 5). In light of the underlying claims, defendant filed a motion for summary judgment seeking a declaration that the state actions did not trigger the policy provisions.

The entry of summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Connors v. Fawn Mining Corp.*, 30 F.3d 483 (3d Cir.1994). The moving party bears the initial burden of making a *prima facie* showing that he is

entitled to summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). This may be done by identifying those portions of the pleadings and evidentiary submissions believed to demonstrate the absence of any genuine issue of material fact. *Id.* If the ultimate burden of persuasion at trial rests with the nonmovant, the party seeking summary judgment can meet this standard either by demonstrating that the nonmovant's evidence is not sufficient to establish an essential element of his claim or by submitting affirmative evidence that negates an essential element of the claim. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The burden then shifts to the nonmoving party to come forward with affidavits or other competent proof which sets forth specific facts showing that there is indeed a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In New Jersey, an insurer has a duty to defend when a "complaint states a claim constituting a risk insured against." *Voorhees v. Preferred Mut. Ins. Co.,* 128 N.J. 165, 173, 607 A.2d 1255 (1992) (citing *Danek v. Hommer,* 28 N.J.Super. 68, 77, 100 A.2d 198 (App.Div.1953)). If the pleadings set forth facts which bring the injury within the coverage of the policy, the insurer is then obligated to defend regardless of the insured's ultimate liability to the complainant. *SL Industries v. American Motorists,* 248 N.J.Super. 458, 463, 591 A.2d 677 (App.Div. 1991) (citing Appleman, *Insurance Law and Practice* § 4683 (Berdal ed. 1979)). "In this regard, it is the nature of the damage claim, rather than the actual details of the accident or the ultimate liability of the insurer, which determines whether the insurer has a duty to defend." *SL Industries,* 248 N.J.Super. at 463, 591 A.2d 677 (citations omitted).

New Jersey courts have employed the same framework in the context of professional liability policies. To illustrate, in *Hofing v. CNA Ins. Companies,* 247 N.J.Super. 82, 588 A.2d 864 (App.Div.1991), the court revis-ited the parameters of the duty to defend and considered whether a provision of that policy obligated the insurance carrier to provide a defense in light of the multiple legal theories advanced by the complainant and the complainant's decision to restrict relief solely to the recoupment of attorney's fees. The exclusion denied coverage to "any fine, penalty or claim for the return of fees." *Hofing,* 247 N.J.Super. at 87, 588 A.2d 864.

After considering the legal theories embodied in the complaint, the court determined that the actions were merely an attempt to recoup excessive fees paid to the attorney. Even in light of the insured's assertion that the action was predicated on negligence, the court concluded that "when the negligent conduct is alleged in order to recoup fees paid, the exclusion applies by excepting this category of claims." *Hofing,* 247 N.J.Super. at 90, 588 A.2d 864.

In light of that legal framework and the summary judgment standard, defendant directs the court to the relevant provisions in the policy. As previously noted, the policy indemnifies plaintiffs for injuries emanating from professional services, but denies coverage for claims seeking punitive damages, fines, sanctions and the return or reimbursement of legal fees. Defendant contends that the complaints mandate a conclusion that it has no duty to defend the underlying state court actions. Indeed, defendant asserts that "both ... complaint[s] are fee disputes, in which the only injuries are the excessive fees charged by [plaintiffs]." (Def. Brf. at 9). Defendant attempts to reinforce its argument by indicating that "[t]here is no claim in either complaint that Shabel's negligence affected the outcome of the underlying lawsuit or the amount of the settlement." *Id.*

In response to defendant's argument and in support of its own motion, plaintiff asserts that the Farrell and Glassman complaints went beyond just the refund of legal fees. Plaintiff points out that the claims give rise to legal malpractice and conversion claims.

Plaintiff's argument misses the mark. Guided by the principles in *Hofing, supra,* this court is required to consider the nature of the damage claim to determine whether

the duty to defend exists. As defendant points out, the allegations in the complaint indicate clearly that relief is limited to the return of excessive attorney's fees. Although the addendum clause indicates that Farrell seeks the recovery of "damages," that seemingly limitless term is constrained by the allegations in the complaint. Indeed, each count is predicated on the allegation that Farrell "has not received the correct amount due to him from the settlement" (Farrell Second Amended Complaint at 3), because of plaintiff's conduct.

At first glance, it seems that Farrell could have structured his claim to recover incidental or consequential damages stemming from both legal malpractice and ethical violations. Farrell did not take that course of action; rather, he opted to restrict the nature of his relief to the return or the recoupment of the fees. The "return" of fees is expressly excluded from the policy. In light of that finding, the court is compelled to enforce the express exclusion and grant defendant's motion for summary judgment.